IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PLUMBERS AND STEAMFITTERS          *
LOCAL 486 PENSION FUND,
by its Trustee, William Welsh       *
911 Ridgebrook Road
Sparks, Maryland  21152             *

and                                 *

PLUMBERS AND STEAMFITTERS          *
LOCAL 486 MEDICAL FUND,
by its Trustee, William Welsh       *
911 Ridgebrook Road
Sparks, Maryland  21152             *        Civil Action No.

PLUMBERS AND STEAMFITTERS          *
LOCAL 486 SEVERANCE AND
ANNUITY/401(k) FUND,                *
by its Trustee, William Welsh
911 Ridgebrook Road                 *
Sparks, Maryland  21152
                                    *
and                                 *

PLUMBERS AND STEAMFITTERS          *
LOCAL 486 JOINT JOURNEYMAN
AND APPRENTICE TRAINING FUND,       *
by its Trustee, William Welsh       *
1201 66th Street
Baltimore, Maryland  21237          *

and                                 *

INTERNATIONAL TRAINING             *
FUND, by the Board of Trustees of
the International Training Fund      *
3 Park Place
Annapolis, Maryland  21401          *

and                                 *

MECHANICAL CONTRACTORS             *
ASSOCIATION OF MARYLAND, INC.
3600 O'Donnell Street               *

South Tower – Suite 800
Baltimore, Maryland 21224                        *

and                                              *

PLUMBERS AND STEAMFITTERS                        *
LOCAL 486, UNITED ASSOCIATION
OF JOURNEYMEN AND APPRENTICES                    *
OF THE PLUMBING AND PIPEFITTING
INDUSTRY OF THE UNITED STATES                    *
AND CANADA, AFL-CIO
8100 Sandpiper Circle, Suite 200                 *
Baltimore, Maryland  21236
                                                 *
            Plaintiffs,
                                                 *
v.
                                                 *
VERTICON, INC.
2142 Priest Bridge Court, Suite 11               *
Crofton, Maryland  21114
                                                 *
Serve : John T. Denny, Resident Agent
        15612 Overchase Lane                     *
        Bowie, Maryland 20715
                                                 *
            Defendant.
                                                 *

*      *      *      *      *      *      *      *      *      *      *      *      *

## **COMPLAINT**

### **Jurisdiction**

1.      The jurisdiction of this Court is based on Section 502(e) of the Employee Security

Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e) as to

Counts 1-5.

2.      The jurisdiction of this Court is based upon section 301(a) of the Labor

Management Relations Act, as amended ("LMRA"), 29 U.S.C. § 185(a) as to Counts 6-7.

**Parties**

3.      Plaintiff Plumbers and Steamfitters Local 486 Pension Fund ("Pension Fund") is an employee pension benefit plan as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a).  William Welsh is a duly appointed and authorized trustee of the Pension Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and a member of the joint board of trustees of the Pension Fund, which joint board of trustees is the plan sponsor of the Pension Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

4.      Plaintiff Plumbers and Steamfitters Local 486 Medical Fund ("Medical Fund") is an employee welfare benefit plan as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a).  William Welsh is a duly appointed and authorized trustee of the Medical Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and a member of the joint board of trustees of the Medical Fund, which joint board of trustees is the plan sponsor of the Medical Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

5.      Plaintiff Plumbers and Steamfitters Local 486 Severance and Annuity/401(k) Fund ("Severance Fund") is an employee pension benefit plan as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an

industry or activity affecting commerce within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a).  William Welsh is a duly appointed and authorized trustee of the Severance Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and a member of the joint board of trustees of the Severance Fund, which joint board of trustees is the plan sponsor of the Severance Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

6.      Plaintiff Plumbers and Steamfitters Local 486 Joint Journeyman and Apprentice Training Fund ("Training Fund") is an employee welfare benefit plan as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a).  William Welsh is a duly appointed and authorized trustee of the Training Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and a member of the joint board of trustees of the Training Fund, which joint board of trustees is the plan sponsor of the Training Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

7.      Plaintiff International Training Fund ("ITF") is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1).   The ITF was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a).  The Board of Trustees is the plan sponsor of the Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. §

1002(16)(B)(iii), the Trustees of which are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

8.      Plaintiff Mechanical Contractors Association of Maryland, Inc. ("MCA") is an employer association and a corporate entity organized and existing under the laws of the State of Maryland.

9.      Plaintiff Plumbers and Steamfitters Local 486, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO ("Local 486") is an unincorporated labor organization that represents employees in the State of Maryland.  Local 486 is a labor organization, as defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5), that represents employees in an industry affecting commerce within the meanings of Sections 2(7) and 301(a) of the LMRA, 29 U.S.C. §§ 152(7) and 185(a).  Further, Local 486 is an employee organization, as defined in Section 3(4) of ERISA, 29 U.S.C. § 1002(4), and represents employees in an industry or activity affecting commerce as defined in Section 3(12) of ERISA, 29 U.S.C. § 1002(12).

10.     Defendant Verticon, Inc. (hereinafter referred to as "Verticon" or "the Company") is a corporation organized and existing under the laws of the State of Maryland and employs persons in the State of Maryland in the plumbing and steamfitting trade.  Verticon is an employer, as defined in Section 2(2) of the LMRA, 29 U.S.C. § 152(2), whose activities affect commerce within the meaning of Section 2(7) of the LMRA, 29 U.S.C. § 152(7).  Further, Verticon is an employer as defined in Section 3(5) of ERISA, 29 U.S.C.  1002(5), in an industry affecting commerce within the meaning of Section 3(12) of ERISA, 29 U.S.C. § 1002(12).

## Collective Bargaining Agreement

11.     At all times relevant to this action, Verticon was bound and subject to a collective bargaining agreement with Local 486.

12.     Said collective bargaining agreement provides for the rates of pay, wages, hours of employment and other conditions of employment for Verticon's employees covered by said collective bargaining agreement, and specifically provides for the payment by Verticon to the Pension Fund, Medical Fund, Severance Fund, Training Fund, ITF and MCA of specified sums for each hour worked by each of Defendant's employees covered by said agreement.  Such payments are required to be made by the last of the month following the month in which the hours were worked, and such payments are required to be accompanied by a remittance report showing the hours worked by each covered employee and the amounts owed for such hours.

13.     Said collective bargaining agreement further provides for certain authorized deductions to be made from the wages of Defendant's employees and remitted by the employer to Local 486.  Specifically, union dues, Job Targeting Program remittances and employee-authorized building fund remittances are to be deducted from the wages of Defendant's employees and are to be remitted to Local 486, and wage deferral deductions, if elected, by certain employees under Section 401(k) of the Internal Revenue Code are to be remitted to the Severance Fund.  Such remittances are to be made by the last day of the month in which the hours were worked, and such remittances are to be accompanied by a remittance report showing the hours worked by each covered employee and the amounts owed for such hours.

## Trust Agreements

14.     Section 502(g) of ERISA, 29 U.S.C. § 1132(g), expressly requires the Court to award liquidated damages of up to twenty percent (20%) as provided by the terms of an

agreement, in addition to the amount of unpaid contributions, interest, reasonable attorney's fees and costs.  In the absence of a liquidated damages provision in the agreement, ERISA authorizes an award equal to the amount of interest, which award is in addition to all other amounts awarded.  ERISA further provides that interest shall be determined by using the rate specified in the agreement, or if none is so specified, the rate prescribed by Section 6621 of the Internal Revenue Code of 1954, as amended.

15.     The Agreements and Declarations of Trust also provide for liquidated damages to the Pension, Medical, Severance, Training and ITF Funds in the amount of twenty percent (20%) of the delinquent contributions.

16.     Provisions of the Agreements and Declarations of Trust for the Pension, Medical, Severance and Training Funds provide that the rate of interest on delinquent contributions shall be the greater of the legal rate prescribed under Section 6621 of the Internal Revenue Code, or the legal rate of interested in the State of Maryland, from the date the contributions are due until paid or until the date of judgment, whichever is sooner.  That rate, at all times relevant to this action, was ten percent (10%).

17.     The Agreement and Declaration of Trust for the ITF provides that the rate of interest on delinquent contributions shall be twelve percent (12%).

18.     Said Agreements and Declarations of Trust also provide that an employer required to make contributions to the Pension, Medical, Severance, Training Funds and ITF shall permit an audit of its payroll and business records, by the auditors of the Funds, whenever requested by the Funds, at any reasonable time during the business hours of the employer.

19.     The Agreements and Declarations of Trust creating and governing the Funds state that in the event an employer fails to submit a remittance report showing the number of hours

7

worked by employees during a month, the Funds are permitted to estimate the amount of the

contributions due by calculating the average of the monthly contributions paid by the employer

for the last three months for which such contributions were paid, or for the last twelve month for

which such contributions were paid, whichever is greater.  The Agreements and Declarations of

Trust also state that the Funds are entitled to audit the payroll records (including payroll tax

returns) of each employer whenever such examination is deemed necessary or advisable by the

Trustees of the Funds.

20.     Pursuant to a surety bond obtained through Great American Insurance Company,

for which Verticon was named principal, Plaintiffs have obtained $10,000.00 in collection of

amounts owed by Defendant.  As of date, those monies have not yet been applied to the

hereinafter referenced contributions and remittances Defendant owes Plaintiffs.  Those amounts

will be credited once an official accounting of all hours worked and paid is conducted.

## COUNT ONE

## Claim by the Pension Fund

21.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-

20.

22.     Verticon has failed and refused to make required employee fringe benefit

contributions due and owing to the Pension fund for hours worked by employees of Verticon for

the months of March, April, May and June, 2018, and failed to timely pay employee fringe

benefit contributions for the months of October, November and December, 2017, January and

February, 2018.

23.     Based on the remittance reports filed by Verticon for the months of December,

2017, January and February, 2018, Verticon owes to the Pension Fund delinquent employee

8

fringe benefit contributions in the estimated amount of $8,731.96 for hours worked by employees of Verticon for the months of March, April, May and June, 2018.

24.     Verticon has not paid the employee fringe benefit contributions due and owing to the Pension Fund for the months of March, April, May and June, 2018, and owes liquidated damages in the amount of $1,746.39 on said contributions.  Verticon failed to timely pay the employee fringe benefit contributions due and owing for the months of October, November and December, 2017, January and February, 2018, and owes liquidated damages in the amount of $2,081.45 on said contributions.

25.     Verticon has not paid the employee fringe benefit contributions due and owing to the Pension Fund for the months of March, April, May and June, 2018, and owes interest in an amount to be determined on said contributions.

26.     Verticon has not timely paid the employee fringe benefit contributions due and owing to the Pension Fund for the months of October, November and December, 2017, January and February, 2018, and owes interest in the amount of $173.63 on said contributions.

27.     Based on the failure of Verticon to pay employee fringe benefit contributions for the prior months, the Pension Fund believes that Verticon will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, plaintiff Pension Fund prays:

a.     That this Court order Verticon to make all of its payroll and business records available to plaintiff Pension Fund's auditors to determine the exact amount owed for the months of March, April, May and June, 2018, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.      That judgment be entered against Verticon in the amount of $8,731.96 for contributions due and owing for the months of March, April, May and June, 2018, together with interest on the delinquent contributions at the greater of the legal rate in the State of Maryland or the rate prescribed under section 6621 of the Internal Revenue Code, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c.      That judgment be entered against Verticon in the amount of $3,827.84 for liquidated damages due on the late-paid contributions owed for the months of October, November and December, 2017, January and February, 2018, and on the delinquent contributions owed for the months of March, April, May and June, 2018;

d.      That judgment be entered against Verticon in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the greater of the legal rate in the State of Maryland or the rate prescribed under section 6621 of the Internal Revenue Code, from the date such contributions are due and owing until the date of judgment, and liquidated damages in the amount of twenty percent (20%) on such contributions;

e.      That plaintiff Pension Fund be awarded post-judgment interest, reasonable attorneys' fees and its costs;

f.      And, further, that such other relief be granted as this Court deems just and proper.

## COUNT TWO

## Claim by the Medical Fund

28.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-27.

29.     Verticon has failed and refused to make required employee fringe benefit contributions due and owing to the Medical fund for hours worked by employees of Verticon for the months of March, April, May and June, 2018, and failed to timely pay employee fringe benefit contributions for the months of October, November and December, 2017, January and February, 2018.

30.     Based on the remittance reports filed by Verticon for the months of December, 2017, January and February, 2018, Verticon owes to the Medical Fund delinquent employee fringe benefit contributions in the estimated amount of $10,736.03 for hours worked by employees of Verticon for the months of March, April, May and June, 2018.

31.     Verticon has not paid the employee fringe benefit contributions due and owing to the Medical Fund for the months of March, April, May and June, 2018, and owes liquidated damages in the amount of $2,147.21 on said contributions.  Verticon failed to timely pay the employee fringe benefit contributions due and owing for the months of October, November and December, 2017, January and February, 2018, and owes liquidated damages in the amount of $2,559.16 on said contributions.

32.     Verticon has not paid the employee fringe benefit contributions due and owing to the Medical Fund for the months of March, April, May and June, 2018, and owes interest in an amount to be determined on said contributions.

33.     Verticon has not timely paid the employee fringe benefit contributions due and owing to the Medical Fund for the months of October, November and December, 2017, January and February, 2018, and owes interest in the amount of $213.48 on said contributions.

34.     Based on the failure of Verticon to pay employee fringe benefit contributions for the prior months, the Medical Fund believes that Verticon will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, plaintiff Medical Fund prays:

a.     That this Court order Verticon to make all of its payroll and business records available to plaintiff Medical Fund's auditors to determine the exact amount owed for the months of March, April, May and June, 2018, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.     That judgment be entered against Verticon in the amount of $10,736.03 for contributions due and owing for the months of March, April, May and June, 2018, together with interest on the delinquent contributions at the greater of the legal rate in the State of Maryland or the rate prescribed under section 6621 of the Internal Revenue Code, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c.     That judgment be entered against Verticon in the amount of $4,706.36 for liquidated damages due on the late-paid contributions owed for the months of October, November and December, 2017, January and February, 2018, and on the delinquent contributions owed for the months of March, April, May and June, 2018;

d.     That judgment be entered against Verticon in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the greater of the legal rate in the State of Maryland or the rate prescribed under section 6621 of the Internal Revenue Code, from the date such

contributions are due and owing until the date of judgment, and liquidated damages in the amount of twenty percent (20%) on such contributions;

e.      That plaintiff Medical Fund be awarded post-judgment interest, reasonable attorneys' fees and its costs;

f.      And, further, that such other relief be granted as this Court deems just and proper.

## COUNT THREE

## Claim by the Severance Fund

35.    Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-34.

36.    Verticon has failed and refused to make required employee fringe benefit contributions due and owing to the Severance fund for hours worked by employees of Verticon for the months of March, April, May and June, 2018, and failed to timely pay employee fringe benefit contributions for the months of October, November and December, 2017, January and February, 2018.

37.    Based on the remittance reports filed by Verticon Construction for the months of December, 2017, January and February, 2018, Verticon owes to the Severance Fund delinquent employee fringe benefit contributions in the estimated amount of $4,558.00 for hours worked by employees of Verticon for the months of March, April, May and June, 2018.

38.    Verticon has not paid the employee fringe benefit contributions due and owing to the Severance Fund for the months of March, April, May and June, 2018, and owes liquidated damages in the amount of $911.60 on said contributions.  Verticon failed to timely pay the employee fringe benefit contributions due and owing for the months of October, November and

December, 2017, January and February, 2018, and owes liquidated damages in the amount of $1,085.05 on said contributions.

39.     Verticon has not paid the employee fringe benefit contributions due and owing to the Severance Fund for the months of March, April, May and June, 2018, and owes interest in an amount to be determined on said contributions.

40.     Verticon has not timely paid the employee fringe benefit contributions due and owing to the Severance Fund for the months of October, November and December, 2017, January and February, 2018, and owes interest in the amount of $109.95 on said contributions.

41.     Based on the failure of Verticon to pay employee fringe benefit contributions for the prior months, the Severance Fund believes that Verticon will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, plaintiff Severance Fund prays:

a.     That this Court order Verticon to make all of its payroll and business records available to plaintiff Severance Fund's auditors to determine the exact amount owed for the months of March, April, May and June, 2018, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.     That judgment be entered against Verticon in the amount of $4,558.00 for contributions due and owing for the months of March, April, May and June, 2018, together with interest on the delinquent contributions at the greater of the legal rate in the State of Maryland or the rate prescribed under section 6621 of the Internal Revenue Code, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c.      That judgment be entered against Verticon in the amount of $1,996.65 for liquidated damages due on the late-paid contributions owed for the months of October, November and December, 2017, January and February, 2018, and on the delinquent contributions owed for the months of March, April, May and June, 2018;

d.      That judgment be entered against Verticon in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the greater of the legal rate in the State of Maryland or the rate prescribed under section 6621 of the Internal Revenue Code, from the date such contributions are due and owing until the date of judgment, and liquidated damages in the amount of twenty percent (20%) on such contributions;

e.      That plaintiff Severance Fund be awarded post-judgment interest, reasonable attorneys' fees and its costs;

f.      And, further, that such other relief be granted as this Court deems just and proper.

## COUNT FOUR

### Claim by the Training Fund

42.      Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-41.

43.      Verticon has failed and refused to make required employee fringe benefit contributions due and owing to the Training fund for hours worked by employees of Verticon for the months of March, April, May and June, 2018, and failed to timely pay employee fringe benefit contributions for the months of October, November and December, 2017, January and February, 2018.

15

44.     Based on the remittance reports filed by Verticon Construction for the months of December, 2017, January and February, 2018, Verticon owes to the Training Fund delinquent employee fringe benefit contributions in the estimated amount of $832.85 for hours worked by employees of Verticon for the months of March, April, May and June, 2018.

45.     Verticon has not paid the employee fringe benefit contributions due and owing to the Training Fund for the months of March, April, May and June, 2018, and owes liquidated damages in the amount of $166.57 on said contributions.  Verticon failed to timely pay the employee fringe benefit contributions due and owing for the months of October, November and December, 2017, January and February, 2018, and owes liquidated damages in the amount of $198.53 on said contributions.

46.     Verticon has not paid the employee fringe benefit contributions due and owing to the Training Fund for the months of March, April, May and June, 2018, and owes interest in an amount to be determined on said contributions.

47.     Verticon has not timely paid the employee fringe benefit contributions due and owing to the Training Fund for the months of October, November and December, 2017, January and February, 2018, and owes interest in the amount of $16.56 on said contributions.

48.     Based on the failure of Verticon to pay employee fringe benefit contributions for the prior months, the Training Fund believes that Verticon will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, plaintiff Training Fund prays:

a.      That this Court order Verticon to make all of its payroll and business records available to plaintiff Training Fund's auditors to determine the exact amount owed for the

months of March, April, May and June, 2018, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

      b.      That judgment be entered against Verticon in the amount of $832.85 for contributions due and owing for the months of March, April, May and June, 2018, together with interest on the delinquent contributions at the greater of the legal rate in the State of Maryland or the rate prescribed under section 6621 of the Internal Revenue Code, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

      c.      That judgment be entered against Verticon in the amount of $365.10 for liquidated damages due on the late-paid contributions owed for the months of October, November and December, 2017, January and February, 2018, and on the delinquent contributions owed for the months of March, April, May and June, 2018;

      d.      That judgment be entered against Verticon in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the greater of the legal rate in the State of Maryland or the rate prescribed under section 6621 of the Internal Revenue Code, from the date such contributions are due and owing until the date of judgment, and liquidated damages in the amount of twenty percent (20%) on such contributions;

      e.      That plaintiff Training Fund be awarded post-judgment interest, reasonable attorneys' fees and its costs;

      f.      And, further, that such other relief be granted as this Court deems just and proper.

## COUNT FIVE

## Claim by the ITF

49.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-48.

50.     Verticon has failed and refused to make required employee fringe benefit contributions due and owing to the ITF for hours worked by employees of Verticon for the months of March, April, May and June, 2018, and failed to timely pay employee fringe benefit contributions for the months of October, November and December, 2017, January and February, 2018.

51.     Based on the remittance reports filed by Verticon for the months of December, 2017, January and February, 2018, Verticon owes to the ITF delinquent employee fringe benefit contributions in the estimated amount of $130.13 for hours worked by employees of Verticon for the months of March, April, May and June, 2018.

52.     Verticon has not paid the employee fringe benefit contributions due and owing to the ITF for the months of March, April, May and June, 2018, and owes liquidated damages in the amount of $26.03 on said contributions.  Verticon failed to timely pay the employee fringe benefit contributions due and owing for the months of October, November and December, 2017, January and February, 2018, and owes liquidated damages in the amount of $31.02 on said contributions.

53.     Verticon has not paid the employee fringe benefit contributions due and owing to the ITF for the months of March, April, May and June, 2018, and owes interest in an amount to be determined on said contributions.

54. Verticon has not timely paid the employee fringe benefit contributions due and owing to the ITF for the months of October, November and December, 2017, January and February, 2018, in a timely manner, and owes interest in the amount of $3.11 on said contributions.

55. Based on the failure of Verticon to pay employee fringe benefit contributions for the prior months, the ITF believes that Verticon will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, plaintiff ITF prays:

a. That this Court order Verticon to make all of its payroll and business records available to plaintiff ITF's auditors to determine the exact amount owed for the months of March, April, May and June, 2018, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b. That judgment be entered against Verticon in the amount of $130.13 for contributions due and owing for the months of March, April, May and June, 2018, together with interest on the delinquent contributions at the greater of the legal rate in the State of Maryland or the rate prescribed under section 6621 of the Internal Revenue Code, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c. That judgment be entered against Verticon in the amount of $57.05 for liquidated damages due on the late-paid contributions owed for the months of October, November and December, 2017, January and February, 2018, and on the delinquent contributions owed for the months of March, April, May and June, 2018;

d.      That judgment be entered against Verticon in the amount of all unpaid
contributions that accrue subsequent to the filing date of this complaint and prior to entry of
judgment, together with interest at the rate prescribed under The Agreement and Declaration of
Trust for the ITF in the amount of twelve percent (12%), and liquidated damages in the amount
of twenty percent (20%) on such contributions;

e.      That plaintiff ITF be awarded post-judgment interest, reasonable attorneys' fees
and its costs;

f.      And, further, that such other relief be granted as this Court deems just and proper.

## COUNT SIX

### Claim by MCA

56.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-
55.

57.     Verticon has failed and refused to make required employer association
contributions due and owing to MCA for hours worked by employees of Verticon for the months
of March, April, May and June, 2018, and failed to timely pay employee fringe benefit
contributions for the months of October, November and December, 2017, January and February,
2018.

58.     Based on the remittance reports filed by Verticon for the months of December,
2017, January and February, 2018, Verticon owes to MCA delinquent employer association
contributions in the estimated amount of $546.56 for the months of March, April, May and June,
2018.

59.     Verticon has not paid the employer association contributions due and owing to MCA for the months of March, April, May and June, 2018, and owes interest in an amount to be determined on said contributions.

60.     Verticon failed to timely pay employer association contributions due and owing for the months of October, November and December, 2017, January and February, 2018, and owes interest in the amount of $6.52.

61.     Based on the failure of Verticon to pay employer association contributions for the prior months, MCA believes that Verticon will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, plaintiff MCA prays:

a.      That this Court order Verticon to make all of its payroll and business records available to plaintiff MCA's auditors to determine the exact amount owed for the months of March, April, May and June, 2018, and any periods subsequent to the filing of this complaint and prior to entry of judgment;

b.      That judgment be entered against Verticon in the amount of $546.56 for contributions due and owing for the months of March, April, May and June, 2018, together with interest on the delinquent contributions at the rate of six percent (6%) per year, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c.      That judgment be entered against Verticon in the amount of $6.52 for interest due on the late-paid contributions owed for the months of October, November and December, 2017, January and February, 2018;

d.      That judgment be entered against Verticon in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of six percent (6%) per year;

e.      That plaintiff MCA be afforded post-judgment interest, reasonable attorneys' fees and its costs;

f.      And, further, that such other relief be granted as this Court deems just and proper.

## COUNT SEVEN

## Claim by Local 486

62.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-61.

63.     Verticon has failed and refused to remit to Local 486 the employee authorized union dues, Job Targeting Program and building fund monies, deducted from its employees' paychecks for the months of March, April, May and June, 2018, and failed to timely remit to Local 486 the employee authorized union dues, Job Targeting Program and building fund monies deducted from its employees' paychecks for the months of October, November and December, 2017, January and February, 2018.

64.     Based on the remittance reports filed by Verticon for the months of December, 2017, January and February, 2018, Verticon owes to Local 486 unremitted union dues, Job Targeting and building fund monies in the estimated amount of $2,400.55 for the months of March, April, May and June, 2018.  Of the estimated $2,400.55 owed to Local 486, $1,684.80 is for union dues, $650.67 is for Job Targeting Program monies, and $65.08 is building fund remittances.

65.     Verticon has not paid the remittances due and owing to Local 486 for the months of March, April, May and June, 2018, and owes interest in an amount to be determined on said remittances.

66.     Verticon has not timely paid the employee remittances due and owing to Local 486 for the months of October, November and December, 2017, January and February, 2018, and owes interest in the amount of $34.75 on said remittances. Of the $34.75 interest due and owing to Local 486, $124.38 is for union dues, $9.42 is Job Targeting Program monies, and $0.94 is building fund remittances.

67.     Based on the failure of Verticon to remit dues deductions for prior months, Local 486 believes that Verticon will continue to fail to pay remittances or future months.

WHEREFORE, plaintiff Local 486 prays:

a.     That this Court order Verticon to make all of its payroll and business records available to plaintiff Local 486's auditors to determine the exact amount owed for the months of March, April, May and June, 2018, and any periods subsequent to the filing of this complaint and prior to entry of judgment;

b.     That judgment be entered against Verticon in the amount of $2,400.56 for remittances due and owing for the months of March, April, May and June, 2018, together with interest at the legal rate in the state of Maryland from the date the delinquent remittances were due and owing until paid or until the date of judgment, whichever is sooner;

c.     That judgment be entered against Verticon in the amount of $34.75 for interest due on the late-paid remittances for the months of October, November and December, 2017, January and February, 2018;

23

      d.      That judgment be entered against Verticon in the amount of all unpaid remittances that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the legal rate in the State of Maryland from the date such remittances were due to the date of judgment;

      e.      That plaintiff Local 486 be afforded post-judgment interest, reasonable attorneys' fees and its costs;

      f.      And, further, that such other relief be granted as this Court deems just and proper.


Date: August 23, 2018                               Respectfully Submitted,

                                            /s/ Kimberly L. Bradley
                                          Kimberly L. Bradley
                                          Bar No. 23653

                                        /s/ Shauna Barnaskas
                                        Shauna Barnaskas
                                        Bar No. 16755
                                        Abato, Rubenstein and Abato, P.A.
                                        809 Gleneagles Court, Suite 320
                                        Baltimore, Maryland  21286
                                        (410) 321-0990

                                        Attorneys for Plaintiffs